**UNITED STATES of America,**
**Appellee.**

v.

**Clyde Lacy RATTLER, Appellant.**

**No. 14–3023.**

United States Court of Appeals,
District of Columbia Circuit.

Oct. 23, 2015.

Elizabeth Trosman, Esquire, USAO Appellate Counsel, U.S. Attorney's Office, Washington, DC, for Appellee.

Tony Axam, Jr., Beverly Gay Dyer, A.J. Kramer, Office of the Federal Public Defender, Washington, DC, for Appellant.

**4**

Before: GARLAND, Chief Judge, ROGERS, Circuit Judge, and GINSBURG, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and supplemental filings of the parties and the oral arguments of counsel. The court has afforded the issues presented full consideration and has determined that they do not warrant a published opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

This court reviews the decision of a district court to exclude evidence for abuse of discretion. *United States v. Wilson*, 160 F.3d 732, 742 (D.C.Cir.1998) (citation and internal quotation marks omitted). In the present case, Rattler contends the district court abused its discretion in preventing him from testifying on redirect that he "does not remember ... giving a palm print" to the Government. The district court so ruled because the subject exceeded the scope of his cross-examination. As Rattler did not attempt to present testimony on the topic during his direct examination, he "has no basis to claim that the district court restricted him from presenting evidence" on redirect. *Id.* at 743; *see also United States v. Tarantino*, 846 F.2d 1384, 1407–08 (D.C.Cir.1988) ("As defendants' counsel had ample opportunity to delve into the [issue] on cross-examination, the trial court was entirely within its discretion in refusing to allow re-cross on the subject").

In any case, the omission of Rattler's proposed testimony did not affect his "substantial rights"—that is, it did not "affect[ ]

the outcome of the district court proceedings." *United States v. Coumaris*, 399 F.3d 343, 347 (D.C.Cir.2005) (citations and internal quotation marks omitted) (describing the "harmless error" standard). Rattler indicated to the jury that it was "impossible" that the palm print taken from the TD Bank was his because he was "never there"; he would have gained little—if anything—from the additional testimony that he did not recall providing the comparator print. This is particularly true in light of (1) the testimony of the Government's expert witness that the palm print from the TD Bank was compared with "the known print of Clyde Lacy Rattler" and that the comparator print was "uncontested"—testimony to which Rattler did not object; (2) the possibility, acknowledged by Rattler, that admission of the testimony could have opened the door to "the presentation of rebuttal evidence regarding the source of the prior 'known' print"; and (3) the multiple visual identifications made of Rattler in the security footage taken at the United Bank and the TD Bank during the robberies.

Pursuant to D.C.Cir. Rule 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.